■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. GEORGE DE RENZZIO, Respondent.— Order entered October 21, 1964 modified on the law, the facts and in the exercise of discretion to the extent of deleting therefrom the vacatur of the judgment and sentence of March 3, 1938 and the direction for imposition of sentence *nunc pro tunc.* The order of this court entered November 14, 1938 dismissing the appeal from the judgment of conviction for lack of prosecution is vacated in the interests of justice and the appeal reinstated. Following a jury trial defendant was convicted of murder, first degree, and sentenced to life imprisonment. Timely notice of appeal was filed and served on March 15, 1938 by one of defendant's assigned counsel. No steps were taken to perfect the appeal and in November of the same year the appeal was dismissed for failure to prosecute. In March, 1963 respondent sought *coram nobis* relief, claiming in his petition that he had been denied his constitutional and statutory rights to have the judgment reviewed by appellate courts. The petition was denied without a hearing but our affirmance of that decision (19 A D 2d 863) was reversed and remanded for a hearing (14 N Y 2d 732). Following a hearing it was found that defendant had " been deprived of his right to appeal through no fault of his and that he should have the benefit of a review of this life sentence by the appellate court." To implement this holding the court vacated the judgment and directed resentence so that a new appeal could be taken therefrom. It is unnecessary for us to pass on the cor-

43

rectness of the order entered thereon. We find sufficient in the record to move us to vacate in the exercise of a proper discretion and in the interests of justice the order of dismissal of this court and to reinstate the appeal. "Our State has always regarded the right to appellate review in criminal matters an integral part of our judicial system and treated it as such." (*People* v. *Pride*, 3 N Y 2d 545, 549.) We recognize that potent contentions may be advanced, as they are by appellant, that the present application should be denied upon the ground of laches. But unlike the decisions relied on by the People (*People* v. *Marchese*, 14 N Y 2d 695; *People* v. *Kling*, 14 N Y 2d 571) here a notice of appeal was timely filed and served. Thereafter, as stated, the appeal was dismissed (presumably on motion of the People) after the passing of eight months. There is no proof before us as to whom notice of such motion was given or whether notice was given to defendant individually. It appears that the trial minutes have been transcribed and are in the file of the prosecutor. We conclude that the facts justify the exercise of our discretionary power (cf. *People* v. *Burd*, 8 A D 2d 584; 8 A D 2d 930, affd. 7 N Y 2d 839). Concur — Breitel, J. P., McNally, Stevens and Bastow, JJ.; Rabin, J., dissents in the following memorandum: I vote to reverse the order granting defendant's *coram nobis* application and would deny the relief requested. At the hearing the defendant testified that on the day of sentence one of the court-appointed counsel advised him that an appeal would be taken in his behalf. In addition, defendant stated that he knew that he had a right to appeal from the conviction. Thus, if we accept defendant's testimony, he was — as distinguished from the defendant in *People* v. *Adams* (12 N Y 2d 417) — fully aware of his right to appeal. There is nothing in the record to indicate that, being aware of such right, the defendant displayed any interest in the appeal or made any inquiry as to what his attorney was doing with respect to such appeal. He certainly took no affirmative action for a period of about 17 years after the alleged conversation, even though 10 years after the conviction he knew of the death of the attorney who had promised to prosecute the appeal. In such circumstances I can only conclude that defendant was satisfied with his sentence, had no desire to see the appeal prosecuted and, in fact, acquiesced in the failure of counsel to go forward. His conduct indicates a realization on his part that he was fortunate to escape the death penalty, which he could have received had the sentencing Judge not followed the jury's recommendation of mercy. Can it be said that in the light of the defendant's lack of concern regarding the progress of the appeal — the right to which he was fully aware of — that his appeal rights were frustrated or that he was " wrongfully prevented from taking and perfecting [the] appeal" as was the defendant in *People* v. *Adams* (*supra*)? We should not, 27 years after a conviction, open the door for further review in circumstances (cf. *People* v. *Chait*, 7 A D 2d 399, 405) where it is apparent that the desire to obtain appellate review only arose many, many years after the conviction and when a new trial — if ordered — would really mean an acquittal. On the other hand, if defendant was not testifying truthfully at the hearing there is no support whatever for this application.